# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0133-17T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

J.C.,

     Defendant-Appellant,

and

M.C. and J.A.C.,

     Defendants.

_____

IN THE MATTER OF M.I.C.,
G.M.C., J.E.C. and E.C.,

     Minors.

_____

Submitted October 3, 2018 - Decided  October 26, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FN-09-0126-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Joan T. Buckley, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Sara M. Gregory, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor M.I.C. (M. Alexis Pollock, Deputy Public Defender, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors G.M.C., J.E.C. and E.C. (Karen Ann Lodeserto, Designated Counsel, on the statement in lieu of brief).

PER CURIAM

Defendant J.C.[1] appeals from a June 8, 2016 fact-finding determination, by a preponderance of the evidence, that he sexually abused his stepdaughter, Mary, over the course of at least seven years from when she was less than six until she was thirteen years old. See N.J.S.A. 9:6-8.21(c)(3). Defendant argues that the trial court erred in relying on inadmissible hearsay and ignoring relevant

---

[1]  We use initials and pseudonyms to identify the parties to preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

exculpating evidence. We disagree and affirm substantially for the reasons expressed in Judge Bernadette N. DeCastro's comprehensive written opinion.

Mary did not testify, although she gave detailed statements to the Hudson County Prosecutor's Office detective and the evaluators at the regional child abuse diagnostic center, Audrey Hepburn Children's House (AHCH). Both the female detective and Dr. Anthony D'Urso, the supervising psychologist at AHCH, testified at the fact-finding hearing. Dr. D'Urso explained the evaluation procedure and results in great detail, finding that Mary's allegations, expressed in "age-inappropriate detail," were supported by his clinical findings. Mary had reported the sexual abuse when she was eight years old, but had recanted at that time. She reported to AHCH a progressive pattern of abuse as she got older. Mary experiences flashbacks and was diagnosed as suffering from post-traumatic stress disorder.

Our Supreme Court has made clear that

> previous statements made by the child relating to any allegations of abuse or neglect are admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect. Thus, a child's hearsay statement may be admitted into evidence, but may not be the sole basis for a finding of abuse or neglect.
>
> [N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 32-33 (2011) (emphasis added) (citation omitted).]

"[T]he corroboration requirement must reasonably be held to include indirect evidence of abuse. Such evidence has included a child victim's precocious knowledge of sexual activity, a semen stain on a child's blanket, a child's nightmares and psychological evidence." N.J. Div. of Youth & Family Servs. v. Z.P.R., 351 N.J. Super. 427, 436 (App. Div. 2002) (quoting State v. Swan, 790 P.2d 610, 615-16 (Wash. 1990).

Our review of the trial judge's decision after a fact-finding hearing, as defined in N.J.S.A. 9:6-8.44, is limited. "We ordinarily defer to the factual findings of the trial court because it has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand; it has a 'feel of the case' that can never be realized by a review of the cold record." N. J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). We defer to Judge DeCastro's expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

A-0133-17T2

Defendant's arguments regarding the admissibility of certain evidence and the judge's purported failure to consider inconsistencies in Mary's prior statements and other gaps in the evidence are without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(1)(E). "[R]ulings to admit or exclude evidence are generally subject to a wide degree of discretion." Jacobs v. Jersey Cent. Power & Light Co., 452 N.J. Super. 494, 502 (App. Div. 2017). The judge's evidentiary "ruling is not disturbed unless there is a clear abuse of discretion." Dinter v. Sears, Roebuck & Co., 252 N.J. Super. 84, 92 (App. Div. 1991). Sufficient credible evidence supported the finding of abuse by a preponderance of the evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0133-17T2